FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA 04 MAR 26 AM 11: 18
NORTHEASTERN DIVISION    U.S. DISTRICT COURT
N.D. OF ALABAMA

CARL LEGG, et al ,

    Plaintiffs,

vs                       CASE NO :  CV-2004 0264 JLB
                                    S-455-NE

WYETH, f/k/a American Home Products
Corp ; WYETH PHARMACEUTICALS,
f/k/a Wyeth-Ayerst Labs, Inc ; INDEVUS
PHARMACEUTICALS, INC , f/k/a
Interneuron Pharmaceuticals, Inc ; STACY
STUBBLEFIELD; MICHAEL SULLIVAN;
BETSY WEAVER, and FICTITIOUS
DEFENDANTS A, B, C, and D, being those
persons, firms or corporations whose fraud,
scheme to defraud, and/or other wrongful conduct
caused or contributed to the Plaintiffs' injuries
and damages, and whose true names and identities are
presently unknown to the Plaintiff but will
be substituted by amendment when ascertained,

    Defendants

——————————————————— /

## MOTION TO REMAND

    Pursuant to 28 U.S.C. section 1447(c), Plaintiffs hereby move to remand this

action to the Circuit Court of Madison County, Alabama  In support of this motion,

Plaintiffs show the following:



EXHIBIT

H



IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

CARL LEGG, et al ,

    Plaintiffs,

vs.

                              CASE NO :  CV-2004 0264-JLB

WYETH, et al

    Defendants

_____/

## MEMORANDUM BRIEF
## IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

### I  FACTUAL BACKGROUND

On February 2, 2004, Plaintiff Carl Legg, an Alabama resident, filed a Complaint in

the Circuit Court for Madison County, Alabama  The Complaint contained six substantive

counts alleging claims for products liability under the Alabama Extended Manufacturer's

Liability Doctrine ("AEMLD"), negligence, breach of warranty, fraud, negligent

misrepresentation, and civil conspiracy [1]  Plaintiffs' complaint named as defendants Wyeth,

---

[1]  Plaintiffs' Complaint also includes a Count for loss of consortium which will not be addressed since
it is not relevant to remand

Wyeth Pharmaceutical ("Wyeth Pharm"), Indevus Pharmaceuticals, Inc ("Indevus"),Stacy Stubblefield ("Stubblefield"), Michael Sullivan ("Sullivan"), Betsy Weaver ("Weaver"), and Fictitious Parties A, B, C, and D (collectively herewith referred to as "Defendant Agents") [2]

Plaintiffs' complaint alleges that Defendants Wyeth, Wyeth Pharm, and Indevus manufactured, distributed, and sold the deadly diet drug Redux The manufacturer Defendants and Defendant Sullivan are not residents of Alabama. Defendant Agents are residents of Alabama Plaintiffs' complaint allege that Defendants Wyeth and Wyeth Pharm employed Defendant Sullivan and Defendant Agents as sales representatives to detail the pharmaceutical known as Redux. Detailers are sales representatives who visit physicians and persuade them to regularly prescribe a company's drug Sales representatives use various methods of persuasion to promote a product including gifts and product samples There are a wide range of gifts used by sales representatives to persuade physicians to prescribe a particular drug These include, but are not limited to, sports and theatrical performance tickets, dining in expensive restaurants, free gas, free vacations to resorts, food for clinic employees, free computer equipment, Palm Pilots, free golf, cruises, professional honors, textbooks, sports equipment, and cash

Plaintiffs' complaint allege that Defendant Agents marketed Redux to his prescribing physician Plaintiffs allege that Defendant Agents knew or should have known that Redux

---

[2] Defendants refers collectively to Defendant Wyeth, Defendant Wyeth Pharm, Defendant Indevus, Defendant Stubblefield, Defendant Sullivan, and Defendant Weaver Defendant Agents refers to Defendants Stubblefieldand Weaver

-2-

was not safe or effective as Defendant Agents explained to Plaintiffs prescribing physician

Plaintiffs further allege that Plaintiffs' prescribing physician relied on Defendant Agents

misrepresentations about the safety and effectiveness of Redux and prescribed Plaintiff

Redux which he consumed. As a direct and proximate cause of consuming Redux, Plaintiff

has permanent heart damage.

Defendants removed this case to this Court pursuant to 28 U S C section 1441

Defendants allege that Defendants Agents are fraudulently joined  In support of their

removal, Defendants filed affidavits of Defendant Agents. The affidavits of the Defendant

Agents attempt to contradict the allegations contained in Plaintiffs' Complaint. Plaintiffs

move this Court to remand this case because Defendants have failed to meet their heavy

burden of proving by clear and convincing evidence that Defendant Agents are fraudulently

joined  Consequently, no federal jurisdiction exists.

## II  STANDARD OF REVIEW

### A.  Federalism Concerns Require Strict Construction of Removal Statute

Defendants have filed a notice of removal alleging that federal jurisdiction exists

based on diversity of citizenship  Defendants contend that the amount in controversy

exceeds $75,000 00 and the parties are non diverse because Defendant Agents have been

fraudulently joined  A case may be removed from state court and transferred to federal

court in any case which could have been brought originally in federal court  See 28 U S C

-3-

section 1441(a); Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir. 1996)

Title 28 U.S.C. section 1332(a)(1) provides that federal courts may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. However, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. section 1447(c). Since removal jurisdiction raises significant federalism concerns, the removal statutes must be strictly construed. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); University of South Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). All doubts must be resolved in favor of remand to state court. See University of South Alabama, 168 F.3d 405, 411; Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)(citing Boyer v. Snap-on Tools Corp., 913 F.2d 108 (3rd Cir. 1990)); Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir. 1983); Ruffin v. Congress Life Insurance Co., 2000 WL 718813 (S.D. Ala.). "The removing party bears the burden of demonstrating federal jurisdiction." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998); Tapscott, 77 F.3d 1353. In the case at bar, Plaintiffs concede that the amount in controversy in this action exceeds $75,000. Consequently, the only issue is whether Defendant Agents are fraudulently joined.

### B. Fraudulent Joinder Requires That Defendants Show There Is No Possibility Plaintiffs' Complaint States a Cause of Action Against Defendant Agents

"Fraudulent joinder is a judicially created doctrine that provides an exception to the

-4-

requirement of complete diversity." Triggs, 154 F 3d at 1287 Joinder has been deemed fraudulent in three situations: (1) when there is not any possibility that the plaintiff can prove a cause of action against the resident non-diverse defendant; (2) when the plaintiff has fraudulently pled jurisdictional facts in order to bring the resident defendant into state court; and (3) "where a diverse defendant is joined with a non-diverse defendant as to who there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non diverse defendant." Id. Defendants make no argument that the second or third fraudulent joinder situations apply. See Notice of Removal Therefore, Plaintiffs respond only to the allegation that Defendant Agents are fraudulently joined because there is no possibility Plaintiffs can prove any of the claims against Defendant Agents

In their Notice of Removal, Defendants improperly state the standard for fraudulent joinder in this Circuit [3] The Eleventh Circuit standard for fraudulent joinder requires that, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court The Plaintiffs need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F 3d at

---

[3] Defendants allege in their Notice of Removal that Defendant Agents are fraudulently joined because *Plaintiff cannot prevail on any claims against Defendant Agents.*

5

1287; Cabalceta v. Standard Fruit Co., 883 F 2d 1553, 1561 (11th Cir 1989) Pacheco de

Perez v. AT&T Co., 139 F 3d 1368 (11th Cir 1998)("Where a Plaintiff states even a

colorable claim against the resident defendant, joinder is proper and the case should be

remanded to state court "); Ruffin, 2000 WL 718813(quoting Bedford v. Connecticut

Mut. Life Ins. Co., 916 F Supp 1211, 1214 (M.D Ala 1996) "The joinder is fraudulent if

it is clear that, under the law of the state in which the action is brought, the facts asserted by

the Plaintiff as the basis for the liability of the resident defendant could not possibly create

such liability so that the assertion of the cause of action is as a matter of law plainly a sham

and frivolous ") "The burden of establishing fraudulent joinder is a heavy one " Pacheco

de Perez, 139 F 3d at 1380  Although Defendants attempt to persuade this Court that the

Eleventh Circuit applies a different fraudulent joinder standard, the Eleventh Circuit has

affirmed as recently as 2001 that the fraudulent joinder standard requires the "complaint

show there is no possibility that the plaintiff can establish any cause of action against the

defendant " Tillman v. R.J. Reynolds Tobacco, Inc., 253 F 3d 1302, 1305 (11th Cir

2001)(quoting Triggs, 154 F 3d 1284, 1287). "The plaintiff need not have a winning case

against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid

cause of action in order for the joinder to be legitimate." Triggs, 154 F 3d 1284, 1287

(emphasis in original)  Plaintiffs respectfully submit that the proper standard for fraudulent

joinder is that there is no possibility that a state court would find that Plaintiffs complaint

-6-

states any cause of action against any of the Defendant Agents   Nevertheless, Defendants have failed to meet their heavy burden under either standard

### C.  Fraudulent Joinder Proceeding Requires Court Resolve Uncertainties In Favor of Plaintiff and Avoid Substantive Determination of Case.

"The determination of whether a resident defendant has been fraudulently joined must be based upon the Plaintiffs' pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties.   In making its determination, the district court must evaluate factual allegations in the light most favorable to the Plaintiff and resolve any uncertainties about the applicable law in the Plaintiff's favor." Pacheco de Perez, 139 F 3d at 1380; Crowe v. Coleman, 113 F 3d 1536, 1538 (11th Cir. 1997); Cabalceta, 883 F 2d 1553, 1561  The appropriate proceeding for deciding whether a party has been fraudulently joined is similar to that used for ruling on a motion for summary judgment under Federal Rule of Civil Procedure 56(b)  Crowe, 113 F.3d at 1538  However, the jurisdictional inquiry "must not subsume substantive determination .  Over and over again, we stress that the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits " Id.

"In a fraudulent joinder inquiry, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law' " Id. quoting Pacheco de Perez, 139 F 3d at 1380-1381 (quoting Crowe, 113 F.3d 1536, 1538 (11th Cir  1997)

-7-

In terms of this circuit's law, the main point for us is this one: For a Plaintiff to present an arguable claim against an in-state defendant and, therefore, to require a case removed to federal court to be remanded to state court, the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant For a remand, the plaintiff's burden is much lighter than that: after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be "a reasonable basis for predicting that the state law *might* impose liability on the facts involved"      Because the procedures are similar while the substantive standards are very different, district courts must exercise extraordinary care to avoid jumbling up motions for remand and motions for summary judgment that come before them   In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims   Although we have said that district courts may look beyond the face of the complaint, we emphasize that the district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent   Crowe, 113 F 3d at 1541-1542

## III ARGUMENT

### A.   There is a Possibility That a State Court Would Find that Plaintiff's Complaint States a Cause of Action for Fraud Against Defendant Agents.

Defendants allege that Defendant Agents are fraudulently joined because Plaintiffs

cannot prevail on a claim for misrepresentation or suppression   Defendants allege that

Plaintiff has not plead fraud with particularity [4]   Defendants also allege that Defendant

Agents cannot be held personally liable for any misrepresentation or suppression because

---

[4]  Defendants' allegation is an improper basis for alleging fraudulent joinder   As this Court is aware, Alabama Rule of Civil Procedure 12(b) provides the remedy for failure to state a claim upon which relief may be granted   If a state court finds that Plaintiff's fraud count was not sufficient, the state court would likely grant plaintiff leave to amend his Complaint   The issue of fraudulent joinder is whether it is possible that the state court might hold Defendant Agents  liable for fraud based on the allegations in Plaintiffs' Complaint. Despite Defendants' misplaced argument, Plaintiff responds to Defendants' allegation of lack of particularity.

they merely promoted and answered questions concerning Redux based on information

provided by Defendant Wyeth. Both of Defendants' arguments fail.

First, Alabama Rule of Civil Procedure 9(b) provides that "in all averments of fraud

the circumstances constituting fraud     shall be stated with particularity." The

Committee Comments to Rule 9(b) state:

> This special requirement as to fraud     does not require every element in
> such actions to be stated with particularity  It simply commands the pleader
> to use more than generalized or conclusory statements to set out the fraud
> complaint of  The pleading must show time, place, and the contents or
> substance of the false representations, the fact misrepresented, and an
> identification of what has been obtained  But knowledge by the defendant of
> the falsity of the representation and reliance on the representation by the
> plaintiff can still be generally alleged.   . Thus, it should be expected that the
> courts will strive to find the details necessary for the sufficiency of such a
> complaint, if the pleadings give fair notice to the opposing party whereas
> heretofore the same pleading would have been held insufficient. (Emphasis
> Added)

As demonstrated by the Committee Comments, Rule 9 merely requires that a pleading for

fraud show the time, place, and contents or substance of the false representations, the facts

misrepresented, and an identification of what has been obtained  Bethel v. Thorn, 757

So 2d 1154, 1158 (Ala. 1999)(quoting Phillips Colleges of Alabama, Inc. v. Lester, 622

So. 2d 308 (Ala 1993))  Because the purpose of Rule 9(b) is to give the defendant fair

notice, courts should endeavor to find the details necessary for fair notice within the

allegations of the complaint. See Committee Comments to Ala. R. Civ. P.; Kohler v.

Jacobs, 138 F.2d 440 (5th Cir. 1943); Pinkston v. Boykin, 130 Ala. 483, 30 So  398 (Ala

1900)

Plaintiffss Complaint sufficiently to provides Defendant Agents fair notice of the allegations against them  Allegations include the time, place, and contents of the false representations made by Defendant Agents.  Paragraphs 40-44 of Plaintiff's complaint are general allegations made applicable to all counts by incorporation  These paragraphs specifically allege:

40    Defendant Agents were the primary promoters, marketers, and detailers of Redux
41    Defendant Agents distributed amounts of Redux to Plaintiff's prescribing physician in the form of samples.
42    Defendant Agents had actual or constructive knowledge of the dangerous condition of Redux and intentionally and deliberately suppressed, concealed, and misrepresented this information
43    Defendant Agents were aware of adverse drug reports ("ADR") received from users of Redux but continued to distribute, sell, promote, detail, and profit from the sale of Redux
44    Defendant Agents committed the tortious and overt acts alleged herein in an individual and/or corporate capacity

Paragraphs 73-77 of Plaintiff's complaint are contained within Count IV of Plaintiffs complaint alleging fraud, misrepresentation, and suppression  These paragraphs specifically allege that:

73    Defendants intentionally, fraudulently, recklessly and/or negligently made material misrepresentations to Plaintiff, Plaintiff's prescribing physician, and others upon whom it was known that Plaintiff would rely that Redux was safe and effective and that the benefits of taking Redux outweighed any risks
74    The continuous and ongoing course of action constituting fraud and misrepresentation started as early as 1993, if not earlier, and continued through repeated acts and non-disclosure every year since then, in the State of Alabama and throughout the United States and elsewhere
75    Defendant Agents committed this fraud in their individual capacity and/or corporate capacity by failing to provide Plaintiff's prescribing physician all information concerning the safety and effectiveness of Redux when promoting

-10-

Redux to Plaintiff's prescribing physician during sales calls at Plaintiff's prescribing physician's office which took place on June 21, 1996; July 10, 1996; July 29, 1996; July 29, 1996; August 28, 1996; September 27, 1996; November 14, 1996; December 12, 1996; January 8, 1997; January 30, 1997; February 10, 1997; April 2, 1997; April 16, 1997; April 29, 1997; May 14, 1997; June 24, 1997; July 22, 1997; and August 7, 1997

76.    Defendants' fraudulent misrepresentations and/or suppressions took the form of, among other things, express and implied statements, publically disseminated mis-information provided to regulatory agencies, inadequate, incomplete and misleading warnings about Redux, failure to disclose important safety and injury information, regarding Redux while having a duty to disclose to Plaintiff's prescribing physician, Plaintiff, and others such information, and elaborate marketing, promotional, and advertising activities designed to conceal and mislead about the safety of Redux

77    Defendants knew or should have known that these representations about Redux being safe and effective were false and made these representations with the intent or purpose that Plaintiff and/or Plaintiff's prescribing physicians would rely on these representations and result in the Plaintiff using Redux

These allegations describe the time, place, and the contents of the false representations made by Defendant Agents  Paragraph 75 explicitly describes the dates that Defendant Agents made the false representations and the location: Plaintiff's prescribing physician's office  Paragraph 76 describes the contents of the false representations.  These paragraphs demonstrate that Plaintiffs' allegations are neither general nor conclusive  The allegations contained in Plaintiffs' complaint give Defendant Agents fair notice of the fraud and misrepresentations alleged which is the policy reason for requiring more particular allegations when alleging fraud  See Committee Notes of Rule 9(b)  Consequently, Defendants have failed to prove fraudulent joinder on this basis

Defendants also argue that Plaintiffs cannot establish any misrepresentation or suppression claim against Defendant Agents personally because Defendant Agents merely

-11

promoted and answered questions concerning Redux based on information provided by
Defendant Wyeth  In addition to the allegations in Plaintiffs' Complaint which contradict
Defendants' self serving assertions, Plaintiffs submit additional evidence which contradicts
Defendants' allegations  See Exhibit A, Affidavits of Omar Khalaf, M D ; Mark C. Wiles,
M D ; John Sabatine, M D.; and Jon Yoder, M D.  These physicians swore in their
affidavits that drug sales representatives promoted Redux during sales calls  Id.  These
physicians also swore drug sales representatives made representations to them about the
safety and effectiveness of Redux  Id.  Dr Yoder, Dr Sabatine, and Dr Wiles also swore
that drug sales representatives provided samples of Redux during these sales visits  Id.
Finally, these physicians swore that if they had been provided the true and correct
information regarding the safety and effectiveness of Redux and Pondimin, they would not
have prescribed these pharmaceuticals.  Id.

In addition to their affidavits, there is further evidence to contradict Defendants'
assertions  Defendant Wyeth provided the Redux sales force, including Defendant Agents,
with promotional and educational materials about Redux prior to and after the product
launch to use in detailing doctors  See Exhibit B, Redux Sales Training Program Modules
1 4  The sales representatives had to go through a Redux Sales Training program.  Id.
These training modules provided Defendant Agents with information regarding the safety
and effectiveness of Redux, and actually provided them with the strategies to use in selling
Redux to physicians.  Id. at 244  Defendant Agents were also  given information regarding

adverse events associated with Redux. Id. at p 3 4. While Defendant Agents were provided this information, often Defendant Wyeth would direct Sales Representatives, including Defendant Agents, not to share this adverse information about Redux with anyone outside the company, including Plaintiffs' prescribing physician. See Id. At the time of the Redux launch, new safety information had become available to Defendant Wyeth regarding the risks of pulmonary hypertension ("PH"), primary pulmonary hypertension ("PPH") and the use of diet drugs. Id. Defendant Wyeth shared this information with their sales force including Defendant Agents. Id. Defendant Wyeth, however, directed its sales force to not reveal this new information to those outside the company, threatening that if a Sales Representative did reveal these true risks associated with Redux to anyone, including prescribing physicians, that the sales representative would be considered to have violated his Employee Confidentiality Agreement, and the sales representative could be disciplined or terminated. Id. This demonstrates that Defendant Agents had superior knowledge about the safety and effectiveness of Redux. In light of this evidence, it is likely that with a reasonable opportunity for discovery, Plaintiff will uncover additional evidence.

Alabama law holds an individual employee liable for the fraudulent acts or omissions he personally commits while acting in his capacity as an employee. Bethel at 1158 (citing Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc. and Crigler v. Salac, 438 So. 2d 1375, 1379 80 (Ala. 1983). In fact, this Court was recently faced with the identical issues as in the case at bar. See Campbell, et. al. v. Wyeth, et al., Case No.: 03 HGD 3364-M

(Mar 11, 2004)  In <u>Campbell</u>, Defendant Wyeth argued that Defendants Stubblefield and Weaver were fraudulently joined  <u>Id.</u>  The <u>Campbell</u> court held that Defendant Wyeth's arguments "go to the merits of plaintiff's claims      the court cannot say that plaintiffs have no possibility of establishing a cause of action against Stubblefield or Weaver "  <u>Id.</u> at 6  Consequently, the <u>Campbell</u> court ordered remand.  This Court also recently explained in detail why a sales representative can be held liable under Alabama law for the allegations contained in Plaintiff's Complaint   <u>See Davis v. Wyeth, et al,</u> Case No : 03-J-3167-J (N D Ala  Feb  25, 2004) (Attached as Exhibit "C")

Defendants' cite <u>Cross v. Wyeth, et al.,</u> Case No : 03-0882-BH M (S  D  Ala  Feb 5, 2004) for the proposition that because the sales representatives in <u>Cross</u> were fraudulently joined, the sales representatives in every case must be fraudulently joined  Defendants argument is a classic example of a logical fallacy  The similarities between the case at bar and the <u>Cross</u> matter are few.  Beyond the fact that <u>Cross</u> is a diet drug case and subject to removal, the cases are quite distinct.  As this Court is aware, a fraudulent joinder claim is fact driven and any comparison to another case mandates an analysis of the facts behind the eventual court order [5]  For example, the <u>Cross</u> Plaintiffs offered **no evidence to contradict** the resident Defendants' affidavit  In fact, the motion to remand in Cross is entirely replete of any factual analysis relating to the fraudulent joinder argument  Here, however, Plaintiffs have provided this Court with persuasive evidence exhibiting a clear theory of liability

---

[5]     Plaintiffs provided a copy of the Notice of Removal and Motion to Remand upon which Judge Hand's order is based for convenience  These pleadings are attached here as Exhibit D

ᒪ

against the resident defendants recognized by Alabama law. This evidence is a non-party's sworn statement which supports the Plaintiffs allegations and provides a factual framework, similar to and consistently relied upon in many recent orders to remand handed down by the Northern and Middle Districts of Alabama  Campbell v. Wyeth, et al., Case No: 03-HGD-3364-M (N D  Ala  Mar. 11, 2004); Carlisle v. Wyeth, et al., Case No: 04-HGD-0394-S (N.D  Ala  Mar  11, 2004); Hall v. Wyeth et al., Case No: 04-J-0434-NE (N D  Ala  Mar  9, 2004); McGowan v. Wyeth, Case No: 04-TMP-298 S (N D  Ala  Feb  24, 2004); Johnson v. Wyeth, Case No: 04 TMP 224-S (N.D. Ala  Feb  23, 2004); Marshal v. Wyeth, Case No: 04-TMP-179-S (N D  Ala  Feb  18, 2004); Helen Boswell, et al. v. Wyeth, et al., Case No:03 T-1256-N (M D  Ala  Feb  2, 2004); Sara Blair, et al. v. Wyeth et al., Case No: 03- I 1251-S (M D  Ala  Jan  23, 2004); Smith v. Wyeth, Case No: 04-P-226-M (N D  Ala  Feb  27, 2004); Rita Brunson v. Wyeth, et al., Case No: T-1167-S (M D  Ala  Jan  23, 2004); Valerie Ballard, et al. v. Wyeth, et al., Case No: T-1255-N] (M D  Ala  Jan  23, 2004); Stephanie Terrell, et al. v. Wyeth, et al., Case No: 03 BE-2876-S (N.D  Ala  Dec  12, 2003); Sharon Crittendon, et al. v. Wyeth, et al., Case No: 03-T-920 N (M D  Ala  Nov  21, 2003); Sandra Cash v. Wyeth, et al., Case No: 03-RRA 3378-E (N D  Ala  Feb  3, 2004); Sandra Storey v. Wyeth, et al., Case No: 04-BE-27-E (N D. Ala  Jan  30, 2004); Pamela Floyd, et al. v. Wyeth, et al., Case No: 03 C-2564 M (N D  Ala  Oct  20, 2003; Bryant v. Wyeth, et al., Case No: 02-632-BH M (S D. Ala. Sept. 24, 2002) attached hereto as Composite Exhibit "E"

As this Court has held when faced with identical issues, it is possible that a state court would find that Plaintiffs' complaint states a cause of action for fraud against Defendant Agents. Plaintiffs' allegations within the Complaint contain the time, place, and contents or substance of the facts misrepresented. Defendants' arguments about Plaintiff's ability to factually establish a claim are misplaced. The evidence submitted by Plaintiff contradicts the self serving affidavits of the Defendant Agents. Since all issues of fact and law should be decided in the light most favorable to Plaintiff, this factual dispute should be resolved in favor of Plaintiff. Defendants have failed to carry the heavy burden of proving by clear and convincing evidence that there is no possibility that a state court would find that Plaintiffs' Complaint states a claim against Defendant Agents. Consequently, there is no federal jurisdiction and Plaintiffs' Motion to Remand should be granted.

**B. There is a possibility that A State Court Would Find That Plaintiff's Complaint States a Cause of Action Under The AEMLD and For Breach of Warranty Against Defendant Agents**

Defendants allege that Defendant Agents cannot be held liable under the AEMLD because they did not manufacture, sell, or supply Redux. Plaintiffs' allegations in the Complaint, Affidavits attached to this memorandum, and Alabama law establish that it is possible that a state court would find that Plaintiffs' Complaint states a claim under the AEMLD against Defendant Agents. The Alabama Supreme Court first announced the judicially created AEMLD in Atkins v. American Motors Corp., 335 So. 2d 134 (Ala. 1976).

To establish a claim under the AEMLD a plaintiff must prove: (1) he suffered injury of damages to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold   (2) Showing these elements, the plaintiff has proved a prima facie case although (a) the seller has exercised all possible care in the preparation and sale of his product, and (b) the user or consumer has not bought the product from, or entered into any contractual relation with, the seller   Atkins, 335 So  2d  at 141.

Recently the Alabama Supreme Court affirmed that "to establish liability under the AEMLD, a plaintiff must show (1) that an injury was caused by one who sold a product in a defective condition that made the product unreasonably dangerous to the ultimate user or consumer; (2) that the seller was engaged in the business of selling such a product; and (3) that the product was expected to and did, reach the user without substantial change in the condition in which it was sold " Tillman, 2003 WL 21489707  Defendants do not argue whether Redux was unreasonably dangerous or whether the condition of Redux was substantially unchanged when it reached Plaintiff  The gravamen of Defendants' argument is that Defendant Agents, as pharmaceutical sales representatives, are not sellers or suppliers of Redux  Therefore, Defendant Agents cannot be liable under the AEMLD  Plaintiffs' Complaint, supporting affidavits, and Alabama law demonstrate that it is possible that a state court would find that Defendant Agents were sellers or suppliers of Redux and liable under the AEMLD  Furthermore, Defendant Agents personally participated in the tort against Plaintiffs as discussed *supra*

-17-

Alabama Code section 6-5-501(1) defines seller as "any person, firm, corporation, association, partnership, or other legal or business entity, which in the course of business or as an incident to business, sells or otherwise distributes a manufactured product   " One distributes a product "when, in a commercial transaction other than a sale, one provides the product to another either for use or consumption or as a preliminary step leading to ultimate use or consumption .  commercial nonsale product distributors include    those who provide products to others as a means of promoting either the use or consumption of such products or some other commercial activity " Section 20, Restatement (Third) of Torts: Products Liability (1998).

In the case at bar, Plaintiffs have alleged that Defendant Agents actively participated in the sale and distribution of Redux to Plaintiffs' prescribing physician  See Complaint Paragraphs 40-44, 73-77 *supra*  Furthermore, Plaintiff has established an evidentiary basis for this allegation  See Exhibit A, Affidavits of Dr Wiles, Dr Sabatine, and Dr Yoder, these physicians swore that drug sales representatives provided them samples of Redux  Id. In addition, Defendant Weavers admits that she "promoted Redux to licensed healthcare providers." See Defendant Weavers' Affidavit Attached to Defendants' Notice of Removal(Exhibit "F")  Defendants attempt to distinguish between promoting Redux and selling or distributing Redux  This distinction is irrelevant because "the fact that a technical sale did not take place does not affect liability under the AEMLD " Rice v. United Parcel Service General Services, 43 F Supp 2d 1134, 1145 (D Orr 1999)(applying Alabama law

-18-

∟

and quoting First Nat'l Bank of Mobile v. Cessna Aircraft Co., 365 So 2d 966, 967 78

(Ala 1978)  In First Nat'l Bank, the Alabama Supreme Court, answering a certified

question from this Court, held that an aircraft placed on the market for demonstration

purposes only was still subject to liability even though there had been no sale  First Nat'l

Bank, at 966  The Court held that liability under the AEMLD does not arise from a sale,

but from placing the product on the market  Id.  Dr Wiles', Dr Sabatine's, and Dr

Yoder's affidavits establish that drug sales representatives placed Redux on the market in the

form of product samples

    Defendants did not employ ghosts to sell Redux  Defendant Wyeth sold Redux

through the Defendant Agents  The best estimates state that sales reps spend between

$8,000 and $13,000 per physician each  See Wazana, "Is a Gift Just a Gift? "

Pharmaceutical sales representatives derive their income from the amount of pharmaceutical

sales that they generate  The fact that Defendant Agents personally profited from the sale of

Redux is an additional reason that Defendant Agents should be subject to an AEMLD

claim  See Bittler v. White and Company, Inc., 560 N E 2d 979 (5th DCA Ill 1990)

(quoting Kasel v. Remington Arms, Inc., (1972), 24 Cal App 3d 711, 725, 101 Cal Rptr

314, 323, quoted in Hebel v. Sherman Equipment, 92 Ill 2d at 379, 65 Ill Dec At 894,

442 N E 2d at 205; See also Alvarez v. Koby Machinery Co., (1987), 163 Ill App 3d

711, 114 Ill Dec 775, 516 N E 2d 930 )  When an employee has a participatory

connection, the policy justifications for strict liability are furthered by holding that employee individually liable for their conduct. Id.

Defendants cite In re Rezulin Prods. Liab. Litig., 133 F. Supp 2d 272 (S D N Y 2001) for the proposition that pharmaceutical representatives are not sellers or suppliers of the prescription drug they promote. Defendants' reliance to demonstrate fraudulent joinder in the case at bar is misplaced. In Rezulin, the Plaintiffs alleged an AEMLD claim against pharmaceutical sales representatives. Id. at 286. However, no allegation in the Rezulin complaint indicated that the sales representatives named in the complaint sold pharmaceuticals to the plaintiff or the plaintiff's physician. Id. at 287. The court found that the absence of any alleged connection between the sales representative and plaintiff was fatal to all claims against the sales representative." Id. The Court also criticized the lack of any allegation or evidence to establish that the sales representative manufactured, sold, or supplied any pharmaceutical. Id.

In the case at bar, Plaintiffs' Complaint alleges that Defendant Agents supplied samples of Redux to Plaintiff's prescribing physician. These allegations are substantiated by the affidavits of Dr. Wiles, Dr. Sabatine, and Dr. Yoder. See Exhibit A. Plaintiffs have not only alleged a connection between Defendant Agents and Plaintiff's damages, but, Plaintiffs have provided evidence which substantiates this allegation. Consequently, the findings of the court in Rezulin are not applicable in this case.

Furthermore, at least one other District Court in Alabama has held that an AEMLD claim against individual sales representatives is possible  See Exhibit G, Hales v. Merck & Co., Case No. 03-AR-1028-M (N D Ala  June 26, 2003)(granting motion to remand and denying motion to dismiss in case brought against pharmaceutical manufacturer and pharmaceutical sales representatives, finding sales representatives were not fraudulently joined even where sales representative affidavits indicated that those representatives did not detail the prescribing doctor as disputes must be resolved in favor of plaintiff, and court cannot adjudicate the merits of claim before finding that the court has subject matter jurisdiction)  Other jurisdictions have also held that a sales representative may be held individually liable under strict liability theory  See United States District Court for the Middle District of Florida Remand Orders in Stella Little v. Wyeth-Ayerst Laboratories Inc., et. al., Case No  99-2244-CIV T-26C; Carol Morris v. Wyeth -Ayerst Laboratories Inc., et. al., Case No  99 2454-CIV-T-26A; Dorothy Snell v. Wyeth-Ayerst Laboratories Inc., et. al., Case No  99 2453-CIV T-26A  See also Collins et al. v. Bayer Corp, et al, Case No  02 2985, MDL 1341 (D Minn  February 28, 2003) (Attached as Exhibit "H")

Defendants have failed to meet the heavy burden of proving by clear and convincing evidence that there is no possibility that a state court would find that Plaintiff's Complaint states a claim against Defendant Agents under the AEMLD  The affidavits of Dr  Wiles, Dr  Sabatine, and Dr  Yoder directly contradict the self-serving affidavits of Defendant Agents  These affidavits demonstrate that drug sales representatives  provided samples of

Redux  Since all issues of fact and law should be decided in the light most favorable to Plaintiff,  this factual dispute must be resolved in Plaintiff's favor  Furthermore, Defendant Weaver admits in her own affidavit that she promoted Redux  In light of Plaintiff's Complaint,  the affidavits, and Defendant Weaver's own admissions, it is possible that a state court would find that Plaintiffs' Complaint states a cause of action under the AEMLD against Defendant Weaver or Defendant Stubblefield  Consequently, Plaintiffs' Motion to Remand should be granted

Defendants also allege that Plaintiff may not maintain an action for Breach of Warranty against Defendant Agents  The only support offered for this allegation is that Defendant Agents are not sellers  This is the same argument made by Defendants about Plaintiff's AEMLD claim  As Plaintiff has demonstrated, this argument is not sufficient to demonstrate fraudulent joinder  There is a possibility that a state court might find that Defendant Agents were a seller  Consequently, Plaintiff's Motion to Remand should be granted

### C.  There Is a Possibility That a State Court Might Find That Plaintiff's Complaint States a Cause of Action Against Defendant Agents Based on Negligence.

Defendants allege that Defendant Agents cannot be held liable for negligence. Defendants allege that Alabama law does not hold an employee liable for the negligence of his employer unless the employee personally participated in the alleged wrongful conduct of his employer  "In Alabama, the general rule is that officers or employees of a corporation are liable for torts in which they have personally participated, irrespective of whether they

-22-

are acting in a corporate capacity " Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC,

Inc., 496 So 2d 774, 775 (Ala 1986)(citing Candy H. v. Redemption Ranch, Inc., 563

F. Supp 505, 513 (M D Ala 1983); see also Chandler v. Hunter, 340 So 2d 818, 822

(Ala Civ App. 1976).

Plaintiffs rely on his arguments *supra* regarding individual liability of Defendant

Agents  Plaintiffs have alleged that Defendant Agents personally participated in the

wrongful conduct of Wyeth and Wyeth Pharm  See Plaintiff's Complaint paragraphs 40-

44, 73-77 *supra*  Defendant Agents were the individuals who actively participated in the

sale and distribution of Redux  Defendant Agents knew or should have known that Redux

was not safe and effective as sustained by the evidence attached as Exhibit "B," Redux Sales

Manual

Defendants in their Notice of Removal fail to address the allegations of Negligence

against Defendant Agents contained in the Plaintiffs' Complaint  Instead, Defendants

merely rely on a citation to the case of Tillman v. R.J. Reynolds, 253 F 3d 1302 (11th Cir

2001) for the proposition that a plaintiff fails to state a claim for negligence simply by

alleging that an employee defendant acted with superior knowledge  In Tillman, the

Plaintiff alleged that the individual employees had superior knowledge of the dangers of the

product because of their employment  Id. at 1305  However, the plaintiffs' complaint in

Tillman failed to allege the plaintiffs ever dealt with the employees, or that they made any

representations on which plaintiffs relied. Id. In Tillman, the individual employee

defendants were not even working for the defendant manufacturer at the time plaintiffs initially purchased the defective product  Id.  The Tillman court dismissed the action because the plaintiffs failed to demonstrate that the individually named defendants were tied to the allegations in the complaint  Id.

Plaintiffs' Complaint does not suffer from the deficiencies in Tillman.  Defendant Weaver has admitted in her own affidavit that she promoted Redux.  In addition, Plaintiffs have alleged in the Complaint and also provided evidence that drug sale representatives supplied information and samples of Redux to physicians  This evidence substantiates the fact that Defendant Agents personally participated in the tort against Plaintiffs  There is a possibility that a state court would find that Plaintiffs' Complaint states a cause of action for negligence against Defendant Agents.  Consequently, Plaintiffs' motion to remand should be granted

## CONCLUSION

Defendants allege in their Notice of Removal that federal jurisdiction exists because Defendant Agents have been fraudulently joined  Defendants have the heavy burden of showing by clear and convincing evidence that the allegations of the complaint do not state any possible cause of action against any Defendant Agents  Defendants have failed to meet their heavy burden  Defendants rely on misplaced authority which are not analogous easily distinguishable from the facts before this Court  Furthermore, Plaintiffs have provided evidence which contradicts Defendant's assertions and substantiates the allegations in

-24-

Plaintiffs' complaint  Plaintiffs only need to show that there is a possibility that a state court would find that any one of the allegations in the complaint states a cause of action against any Defendant Agent. All issues of law and fact are determined in Plaintiffs' favor  Plaintiffs have demonstrated that it is possible that a state court would find that Plaintiffs' Complaint states a cause of action against Defendant Agents  Therefore, This Court should remand this case to state court  Plaintiffs respectfully move this Court to award Plaintiffs' costs and attorney's fees associated with Defendant's removal of this case  In light of the absence of any facts to justify Defendants' removal, Plaintiffs submit that costs and fees are justified  Finally, Plaintiffs respectfully request a hearing on this Motion if this Court finds that a hearing is necessary to decide this matter

Joseph A  Zarzaur, Jr  (ZAR002)
Attorney for Plaintiffs

Of Counsel:
McKenzie, Taylor & Zarzaur, P A
905 E. Hatton St
Pensacola, FL 32503
850-432-2856
Fax 850 432 5130

-25-